[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY NO. 106
By a four count complaint dated May 16, 1994, the plaintiffs, Sandra C. Moss and Douglas Moss, seek to recover damages arising out of an automobile accident allegedly caused by the negligence of Jennifer F. Coughlin while she was operating a vehicle owned by Irvin F. Coughlin ("defendants").
On August 30, 1994, the defendants filed a motion to disqualify the firm of Alan Barry and Associates ("ABA") as counsel for the plaintiffs on the ground that in 1987 Attorney Alan Barry provided representation for Irvin F. Coughlin which constitutes a conflict of interest. The defendants allege that the "financial well-being" of Irvin F. Coughlin is threatened based upon that prior representation because ABA has "intimate personal knowledge of Mr. Coughlin's personal assets, which are exposed. . . ."
On September 26, 1994, the plaintiffs filed an objection to the defendants' motion. In support of their objection, the plaintiffs filed a memorandum of law and the affidavit of Attorney Alan Barry. On October 11, 1994, the defendants filed the affidavit of Irvin F. Coughlin in support of their motion. In addition, a hearing was held before this court whereat Attorney Barry and Mr. Coughlin testified as to their relationship.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). "Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct, which were approved by the judges of the Superior Court and which superseded the Code of Professional Responsibility." Id. "A conflict of interest based on a prior attorney-client relationship exists only if the moving party establishes that the attorney has since accepted employment that is `adverse to the interest of a former client on a matter substantially related to the prior litigation.'" Fiddelman v. Redmon, 31 Conn. App. 201,210 (1993), quoting State v. Bunkley, 202 Conn. 629, 652,522 A.2d 795 (1987). "The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Bergeron v. Mackler,
supra, 397.
 Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to CT Page 4535 a former client. The rule states that: `A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.' Id., 398.
"Rule 1.9(a) expresses the same standard that we had applied under the Code of Professional Responsibility when a claim of disqualification based on prior representation arose." Id. "Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation." Id., 398-99. Therefore, disqualification will be granted "`only upon a showing that the relationship between the issue in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.'"
In their opposition memorandum, the plaintiffs argue that ABA does not possess any "intimate personal knowledge" with regard to the defendants that would warrant a denial of the plaintiffs' right to choose their own counsel, nor have the defendants offered any "particulars as to what `intimate personal' information" ABA might possess with regard to their financial affairs, except for Attorney Barry's prior handling of their real estate closing in October of 1987.
In support of their motion, the defendants have filed the affidavit of Irvin F. Coughlin, who states, in part, that:
 On or about October 1987, and for some period of time thereafter, I was represented by Alan Barry for various legal matters.
 I believe that the Alan Barry and Associates' representation of the plaintiff is a conflict of interest.
 In the course of my dealings with Attorney Barry, he became privy to various pieces of information including financial matters which could adversely affect me as a defendant in the above captioned claim.
 Among the information learned by Attorney Barry are my financial assets and liabilities, which were confidential and which are CT Page 4536 not public knowledge.
 I believe that any and all of my dealings with Alan Barry are within the realm of the attorney-client privilege, and I do not waive any of said privilege.
(Affidavit dated October 11, 1994, pars. 3-7.)
His in court testimony did not substantially elaborate on these claims.
In opposition to the defendants' motion, Attorney Alan Barry candidly admits in his affidavit and by his testimony that ABA represented the defendants in the sale of their New Fairfield home and in their purchase of a condominium in 1987, and that these closings were two of three or four hundred closings he handles per year. Attorney Barry states that he has "absolutely no recollection of the Coughlin closings, or the Coughlins, and never would have known of the previous representation but for the filing of the motion to disqualify." (Affidavit dated September 22, 1994, paragraph 4.)
"The party moving for disqualification must meet a high standard of proof. . . ." Riccitelli v. Riccitelli, Superior Court, Judicial District of New Haven, No. 317852 (March 10, 1992, Bassick, J.). In determining whether to grant a motion to disqualify, a factual analysis must be conducted and unethical behavior should not be presumed by the court. Walsh v. Walsh,5 CSCR 278, 279 (April 30, 1990, Goldstein, J.).
"The length of time which elapses between the claimed adverse representations" is a mitigating factor to be considered in any disqualification. Knights of Columbus v. Salisbury, 3 Conn. App. 201,205, 486 A.2d 649 (1985). The defendants, by their own admission, were last represented by Attorney Barry in 1987, nearly seven years before the commencement of this action.
Additionally, "disqualification frequently entails substantial prejudice to the client whose attorney is disqualified." Goldenberg v. Corporate Air, Inc., 189 Conn. 504,515-16, 457 A.2d 296 (1983). A perusal of the affidavit of Attorney Barry, together with his testimony, reveals that he has developed a "long-standing attorney-client relationship" with the plaintiffs due to other pending personal and business matters involving them. CT Page 4537
After reviewing both the evidence in the file and adduced at the hearing, an application of the "substantial relationship test" reveals that the issues involved in Attorney Barry's handling of two routine real estate closings for the defendants and ABA's representation of the plaintiffs in the present action are not so "patently clear" or "identical" to warrant a denial of the plaintiffs' rights to choose their own counsel.
The defendants have failed to comport with the high standard of proof necessary to disqualify ABA from representing the plaintiffs in this action. The defendants' motion to disqualify is, accordingly, denied.
Stodolink, J.